BROWN, Chief Judge,
dissent.
| Louisiana Const. Art. 6, § 2 provides: The legislature shall provide by general law for the incorporation, consolidation, merger, and government of municipalities. No local or special law shall create a municipal corporation or amend, modify, or repeal a municipal charter. However, a special legislative charter existing on the effective | ¿date of this constitution may be amended, modified, or repealed by local or special law. (Emphasis added).
The town of Homer is a special legislative charter municipality created in 1850. Its Charter was amended in 1901 authorizing the town to grant a franchise, right-of-way or privilege to provide electric power to the town. The charter provided that the franchise could not be exclusive or for a term greater than 25 years. Contrary to the Charter, in 1977, the town granted an exclusive franchise to (Entergy) for a term of 60 years.
If La. R.S. 33:4341 is a local or special law, then it would have amended the Charter to allow an exclusive 60 year franchise. The plain language of the statute clearly shows that it is a general and not a local law. La. R.S. 33:4341 provides in part:
A. Any municipality, the city of New Orleans excepted, or any parish or any other political subdivision or taxing district authorized to issue bonds under Article VI, Section 37, of the Constitution of Louisiana, all of which are *817 hereinafter in this Subpart referred to as “municipality” or “parish”, may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties for a term not to exceed sixty years, provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed. (Emphasis added).
In Kimball v. Allstate Ins. Co., 712 So.2d 46, 51 (La.1998), the supreme court stated that a local law:
Generally, a statute is considered to be local if it operates only in a particular locality or localities without the possibility of extending its coverage to other areas should the requisite criteria exist or come to exist there. (Emphasis added).
Further, the supreme court stated that a law “may be a general law even though limited to one locality if it is general in its terms and its Coverage can extend to other areas should the requisite criteria exist there as well or if its operation is limited to a locality through the effect of a reasonable classification such as population, size or physical characteristics and not solely through the specific designation of a certain parish or parishes.” Id.
In Deer Enterprises, LLC v. Parish Council of Washington Parish, 10-0671 (La.01/19/11), 56 So.3d 936, the Louisiana Supreme Court upheld an amendment to La. R.S. 26:583 that excepted from certain of its provisions “any parish with a population between forty thousand and forty-five thousand ...” Only five Louisiana parishes were within that exception. Plaintiff claimed that the amendment created a prohibited local or special law in regulation of trade, and the trial court agreed. Discussing Kimball and other cases, the supreme court reversed the trial court and concluded that the amendment created neither a “local” nor “special” law because its coverage could extent to other localities or areas. The court stated, 56 So.3d at 945:
Deer Enterprises argues § 583(C)(2) contains elements of both local and special laws, apparently contending the special interests involved are the affected localities. But this argument conflates the very different aims of the constitutional prohibition. Local laws are prohibited because they benefit certain localities; special laws are prohibited because they benefit special interests. The two are not equivalent. Although we do not reject the possibility that a sort of hybrid local and special law might exist, § 583(C)(2) is not that legislative anomaly. Although it operates “only in a particular locality or localities,” its effects are triggered by population shifts. Although it ostensibly confers a kind of privilege on portions of those localities, it does not benefit spe-. cial interests. In short, it is not an unconstitutional abuse of legislative power.
In Deer, the supreme court further stated that the amendment ^classified parishes, not individuals, according to population and the protections under La. Const. Art. I therefore did not apply. The court concluded, 56 So.3d at 946:
Because La. R.S. 26:583(0(2) applies to several, dissimilar parishes based on the changeable characteristic of the parishes’ populations, with the possibility of extending its coverage to other parishes, it is not a local law. Because it does not benefit special interests, it is not a special law.
The court also commented on the legislature’s intent as follows:
We recognize, of course, that a population classification may be used to mask *818 an intent to target one locality. However, we do not concern ourselves with this legislative subterfuge when the purportedly local statute’s effects are general. The trial court in this matter found from the legislative history of § 583(C)(2) that it was “intentionally meant to be a local law for ... west Webster Parish,” and therefore determined it was a local law despite the fact that it also applies to Washington Parish. In so finding, the trial court apparently dismissed the law’s effects on other localities as incidental or unintended. However, a law that has general effects is not necessarily made local because it was drafted with one locality in mind. The fact that Washington Parish is the defendant in this matter, seeking to avail itself of the amendment’s exemption and preserve the wishes of Ward 3 to remain “dry,” obviously implicates interests beyond the locality that was the statute’s purported beneficiary. As we have explained, the amendment applies to five parishes presently but may extend its coverage in the future. Because the statute’s operation has general effects, we need not inquire into its legislative history to ascertain any underlying intent. 56 So.3d at 943. (Emphasis added).
The majority opinion held that the statute specifically excludes the city of New Orleans and, thus, does not apply to the whole territory of the state, but is limited to certain localities. Because of this limited application, the majority concludes that La. R.S. 33:4341 is a local law. This conclusion is simply wrong.
The statute’s operation has general effects, that is any municipality or | Bany parish or any other political subdivision or taxing district is authorized to issue bonds. It clearly has the possibility of extending its coverage to other areas. It is not a local or special law and does not amend the Town’s Charter.
The majority opinion makes a brief reference to estoppel. The 60-year franchise was not authorized and in fact was prohibited by the Charter. Estoppel may not be raised against a city based on the unauthorized or ultra vires acts of its agents.